FILED

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2014 SEP -2 P 1: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

ROBERTO VELARDE, )
)
and )
)
ANGEL DELEON, )
)
)
Plaintiffs, )
) Case No. 1:14cv1124
v. ) LMB/TCB
)
ABICO, INC., )
(d.b.a. Lebanese Taverna Market) )
)
and )
)
DAVID ABI-NAJIM, )
)
Defendants. )

## COMPLAINT

COME NOW Plaintiffs, ROBERTO VELARDE and ANGEL DELEON, by counsel, and move this Honorable Court for judgment against Defendants, ABICO, INC. and DAVID ABI-NAJIM, jointly and severally, based upon Defendants' failure to pay overtime compensation to Plaintiffs, in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). In support thereof, Plaintiffs state as follows:

I. INTRODUCTION

1. This action is brought against Defendant Abico, which, upon information and belief, is owned and/or managed by Defendant Abi-Najim, by two former employees of Abico who were employed by the company on an hourly basis, and therefore not qualified for any exemption from coverage under the FLSA. Plaintiffs contend that Defendants engaged in a pattern or

1

practice of unlawful conduct resulting in violations of their rights under the FLSA. In particular, Plaintiffs regularly worked more than 40 hours per week, but Defendants did not pay them at the premium rate of one and one-half times their regular rates of pay for those hours worked.

2. Defendant Abico, a former employer of Plaintiffs within the meaning of the FLSA, employed Plaintiffs to work as food preparers in its restaurant—The Lebanese Taverna Market, located in Arlington, Virginia. At all relevant times Defendant Abico was the Plaintiffs' employer.

## II. PARTIES

3. Plaintiff Velarde resides in Rockville, Maryland. He worked for Abico as a food preparation/service worker from 5/1/09 through 8/31/13. Defendant Abico was Plaintiff Velarde's "employer" within the meaning of 29 U.S.C. § 203(d) of the FLSA.

4. Plaintiff DeLeon resides in Fairfax County, Virginia. He worked for Abico as a food preparation/service worker from 12/27/09 through 2/16/13, also as a food preparer/service worker. Defendant Abico was Plaintiff DeLeon's "employer" within the meaning of 29 U.S.C. § 203(d) of the FLSA.

5. Defendant Abico is a Virginia corporation with its corporate headquarters and registered agent located in Arlington, Virginia. Abico has at all times relevant to this action, been an enterprise which engages in interstate commerce within the meaning of the FLSA. Abico has, at all material times, been an employer of the Plaintiffs within the meaning of the FLSA.

6. Defendant Abico is an "employer" within the meaning of the FLSA since it exercises economic and operational control over the employment relationship with Plaintiffs.

7. Defendant Abi-Najim is the Treasurer of Abico and a manager of the company, and in particular, a manager of the Plaintiffs herein. Upon information and belief, he is also the

owner or part-owner of the company. As such, Defendant Abi-Najim is also an "employer" within the meaning of the FLSA.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

9. Defendant Abico is an enterprise with "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i).

10. Upon information and belief, Defendant Abico has an annual dollar volume of $500,000 or more in sales made or business done, exclusive of excise taxes at the retail level that are separately stated. 29 U.S.C. § 203(s)(1)(A)(ii).

11. Venue is proper pursuant to 28 U.S.C. Section 1391(b)(ii) because Defendant Abico transacted business in this district, the Plaintiffs were employed by Defendant Abico in this district, and all of the actions complained of were conducted within this district.

### IV. STATEMENT OF FACTS

12. Defendant Abico was aware that Plaintiffs and other similarly situated employees were working overtime hours.

13. At all relevant times, Plaintiffs were working overtime hours in excess of forty (40) hours in a work-week, and Defendant Abico willfully refused to compensate Plaintiffs at their overtime rate, in violation of the FLSA.

14. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in excess of forty (40) hours in any work week. This is commonly referred to as time-and-a-half pay for overtime work.

15. Despite working overtime, Plaintiffs were not paid time-and-a-half pay from Defendant Abico for overtime worked.

## V.   WILLFUL VIOLATION

16. Upon information and belief, Defendant Abico willfully, deliberately, and intentionally refused to pay Plaintiffs time-and-a-half for overtime actually worked.

17. Defendant Abico knew, or should have known, that Plaintiffs were entitled to time-and-a-half overtime pay under the FLSA, during all relevant times.

18. Plaintiffs were therefore owed compensation for time-and-a-half overtime wages from Defendant Abico, which willingly and knowingly withheld those wages.

## VI.   CAUSE OF ACTION
(Fair Labor Standards Act)

19. The foregoing paragraphs are incorporated as though fully set forth herein.

20. During the period of time when Plaintiffs were employed by Defendant ATI, they performed overtime work for which the overtime rate was not paid, in violation of FLSA, 29 U.S.C. § 207(a)(1),(2).

21. Defendant Abico's pay system was unilaterally imposed upon Plaintiffs.

22. As a result of the Defendant Abico's willful and knowing failure to properly compensate Plaintiffs, they have suffered substantial delays in receipt of wages owed to them.

23. Pursuant to FLSA, 29 U.S.C. §§ 207, 216 (b), Defendant Abico owes Plaintiffs compensation for their overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

24. Defendant Abi-Najim shares joint and several liability with Abico, because he is an owner/manager.

### VII. *AD DAMNUM* CLAUSE

25. The foregoing paragraphs are incorporated as though fully set forth herein.

26. Plaintiffs are entitled to overtime and liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b).

27. Plaintiffs are further entitled to an award of reasonable attorneys' fees, costs, and expenses.

WHEREFORE, Plaintiffs seek judgment against Defendants Abico and Abi-Najim, and request the following relief:

(a) That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;

(b) That the Court issue a declaratory judgment that Defendant Abico's acts, policies, practices, and procedures complained of herein violated provisions of the FLSA;

(c) That Defendant Abico be enjoined from further violations of the FLSA;

(d) That Plaintiffs recover unpaid overtime and liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and in amounts to be determined at trial;

(e) That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses; and

(f) That the Court award to Plaintiffs such additional relief as the interests of justice may require.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

ROBERTO VELARDE

and

ANGEL DELEON,

By Counsel

_____
The Leiser Law Firm, PLLC
By: Phillip B. Leiser, Esq.
1749 Old Meadow Road, Suite 630
Tysons Corner, Virginia 22102
TEL:  (703) 734-5000, ext. 101
FAX:  (703) 734-6000
pbleiser@leiserlaw.com
VASB # 41032
*Counsel for Plaintiffs Roberto Velarde and Angel DeLeon*